# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1308WM

_____

Cyrill Athanasios Kolocotronis,　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
Joy Morgan; Dawn Houchins; Bruce　　　*
Veera Reddy; Felix Vincent;　　　　　　*　On Appeal from the United
and Vassarilli,　　　　　　　　　　　　*　States District Court
　　　　　　　　　　　　　　　　　　　*　for the Western District
　　　　　　Appellees.　　　　　　　　　*　of Missouri.
　　　　　　　　　　　　　　　　　　　*
----------------------　　　*
　　　　　　　　　　　　　　　　　　　*
Cyrill Athanasios Kolocotronis,　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
Veera Reddy, Dr., M.D.,　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee.　　　　　　　　　*

_____

Submitted: April 4, 2001

Filed: April 12, 2001

_____

Before HANSEN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Cyrill Athanasios Kolocotronis, an inmate in the Fulton State Hospital in Missouri, a mental institution, brings this appeal from the District Court's dismissal of two separate cases.

In District Court No. 99-4280, the plaintiff sued Joy Morgan and others under 42 U.S.C. § 1983. The complaint alleged, in general, that the plaintiff had been fired from a job within the institution, at which he was earning a good salary, because he refused to take certain medications. The judgment of the District Court dismissing this complaint was entered on January 11, 2000. Later, on August 25, 2000, the District Court denied plaintiff's motion for relief from judgment under Fed. R. Civ. P. 60(b). It was not until December 4, 2000, that the notice of appeal was filed. The notice of appeal was untimely, and the appeal must therefore be dismissed for want of jurisdiction, so far as it concerns District Court No. 99-4280.

In the companion case, District Court No. 00-04055, the sole defendant is Veera Reddy, M.D. This case, also brought under 42 U.S.C. § 1983, alleges that plaintiff is being forced to take certain medications, and thus is being deprived of liberty without due process of law. The District Court dismissed the complaint in this case on the ground that it was not being prosecuted by plaintiff's court-appointed guardian. In addition, the court issued an injunction directing plaintiff not to file any further cases except through his court-appointed guardian.

We respectfully disagree with this action. Guardians of course have standing to prosecute cases on behalf of their wards. See Fed. R. Civ. P. 17. In our view, however, there is no absolute rule that a ward may never prosecute a case in his own name. See Wheeler v. Briggs, 941 S.W.2d 512, 515 (Mo. 1997) (en banc) (mentally incompetent persons may sue in court). It might be alleged, for example, that the

-2-

guardian is guilty of some sort of misbehavior, or is refusing to file suit without just cause. In addition, the ward may be threatened with imminent physical injury, or may believe that he is so threatened. We understand the desire of the District Court to establish some degree of control over litigation by Mr. Kolocotronis, who is a frequent filer of complaints that are often dismissed. A better approach might be to forbid the filing of any further lawsuits without leave of the District Court, a function that could be delegated, in the discretion of the Court, to a magistrate judge.

Another matter needs to be addressed. The District Court applied the Prison Litigation Reform Act to this case, treating the plaintiff as though he were a prison inmate. He is not. He is an inmate at the Fulton State Hospital, being held pursuant to a finding, in February of 1960, that he was not guilty of a certain criminal charge by reason of insanity. His commitment to the Department of Mental Health, which runs the Fulton State Hospital, followed. He is a mental patient, not a convict. The term "prisoner" is defined by statute as follows:

> (h) As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915(h). See also 28 U.S.C. § 1915A(c) (containing the same definition).

Accordingly, the assessment of filing fees, both in the trial court and on appeal, needs to be reconsidered. The plaintiff is simply an ordinary civil litigant seeking to proceed in forma pauperis. He is not subject to the detailed inmate-account procedures of § 1915, nor is he subject to the three-strikes rule found in subsection (g) of that section.

The judgment in No. 00-04055 is reversed, and the cause remanded for further proceedings, both as to the filing fees and on the merits, consistent with this opinion. In No. 99-4280, the appeal is dismissed for want of jurisdiction.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.